## GEORGIA A. LIVINGSTON, Appellant, v. G. T. ERICKSON, Respondent.

### (171 N. W. 832.)

**Gifts — sale — evidence.**

Under a judgment for household necessaries, the defendant caused a span of mares to be sold as the property of the plaintiff's husband. There is no merit in the claim of the plaintiff that she owns the mares under an oral gift from her husband.

Opinion filed March 15, 1919.

Appeal from an order and judgment of the District Court of Ward County, Honorable *K. E. Leighton,* Judge.

Affirmed.

*W. H. Sibbald,* for appellant.

"When the court directs a verdict for either party the evidence of the opposite party must be considered as undisputed, and it must be given the most favorable construction for him that it will properly bear, and he must have the benefit of all reasonable inferences arising from his testimony, and it is only when his testimony, thus considered, could not legally sustain a verdict in his favor that a court is warranted in directing a verdict against him." Pirie Vickery v. Burton, 6 N. D. 253; Warnken & Co. v. Langdon Merc. Co. 8 N. D. 243; Hall v. N. P. R. Co. 16 N. D. 62; Nystrom v. Lee, 16 N. D. 568; Richmire v. Gale Elevator Co. 11 N. D. 455.

"The party making such motion must base it upon a state of facts

that will warrant the court in granting it without trespassing upon the province of the jury to be the judges of all the facts of the case." Ætna Indemnity Co. v. Schroeder, 12 N. D. 120; Nelson v. Grondahl, 12 N. D. 130; Meehan v. Great Northern R. Co. 13 N. D. 441; Houghton Implement Co. v. Vavrosky, 15 N. D. 312.

"It is a presumption where there is nothing shown to the contrary that a conveyance by husband to wife is for her support and as a proper provision for her comfort." Kjolseth v. Kjolseth (S. D.) 129 N. W. 752; 21 Cyc. 1290, 1297.

*Palda & Aaker,* for respondent.

There can be no gift without an intention to give and a delivery, either actual or constructive of the thing given. There must be both a purpose to give and the execution of this purpose. Knight v. Tripp (Cal.) 54 Pac. 267.

A "gift *inter vivos*" is complete where there is an intention to give accompanied by a delivery of the thing and acceptance by the donee. §§ 5538, 5539, N. D. Comp. Laws 1913; Fouts v. Nance (Okla.) 155 Pac. 610, L.R.A.1916E, 283 and note; Reese v. Philadelphia Trust, S. D. & Ins. Co. (Pa.) 120 Am. St. Rep. 880, 67 Atl. 124.

In order to constitute a valid gift of personal property *inter vivos,* the delivery of the property must clearly appear, and the donee must lose all control over the same. Luther v. Hunter, 7 N. D. 544; 20 Cyc. 1223; Fouts v. Nance, L.R.A.1916E, 283; Veeder v. Veeder (Iowa) 168 N. W. 249; Farrow v. Farrow, 72 N. J. Eq. 421, 129 Am. St. Rep. 715; Davis v. Green (Cal.) 55 Pac. 9.

"Gift to take effect in future is merely promise to give and promise to give is no gift." Williams v. Tam (Cal.) 63 Pac. 133; Taylor v. Henry (Md.) 30 Am. Rep. 486.

ROBINSON, J.   The plaintiff brings this action to recover from defendant $300 for the conversion of a team of mares which the sheriff sold to him under a judgment and execution against her husband and her son.   In 1915 she lived and kept house part of the time in Sawyer, North Dakota, and part of the time on an adjacent farm which was run by her husband and son, James, Sr., and James, Jr. Defendant furnished groceries and dry goods for both houses to the

amount of $400. Then, in a suit to recover for the same, he obtained judgment against the father and son and levied on the horses in question and two other horses as the property of defendants, and caused the same to be sold by the sheriff for $526.80, and refunded to the defendants, $13.87.

The plaintiff claims the horses in question as a gift from James, Sr. Her daughter-in-law claims the other two horses as a gift from James, Jr. The jury gave the plaintiff a verdict for $350. The court gave judgment for defendant notwithstanding the verdict.

The question now presented is, Was there any evidence sufficient to sustain the verdict. Of course the plaintiff claims that the horses were given to her before the levy of the execution and were not given for any fraudulent purpose. She also claims that she worked and from her own earnings contributed about $28 toward the price of the horses. However, it appears that her husband bought and paid for the horses. He has ever kept possession of them and used them as his own and mortgaged them as his own. She has had no use of the horses and she never used them—never drove them at all. There is not the least evidence of a gift or a delivery to the plaintiff or any change of possession for even a moment.

There is positive evidence that the judgment was for household necessaries furnished the plaintiff and her husband; they were jointly liable for the debt, though she was not joined because no one supposed that she had any property. The appeal merits no consideration.

Affirmed.

CHRISTIANSON, Ch. J., and BRONSON and BIRDZELL, JJ., concur.

GRACE, J., concurs in the result.
44 N. D. 8.